**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

In the Matter of Joint Application of Duke Energy Carolinas, LLC and North Carolina Electric Membership Corporation for a Certificate of Environmental Compatibility and Public Convenience and Necessity for the Construction and Operation of a 750MW Combined Generating Plant Near Anderson, SC.

Appellate Case No. 2014-001514

Appeal from the Public Service Commission

Unpublished Opinion No. 2016-UP-054
Heard January 14, 2016 – Filed February 10, 2016

**AFFIRMED**

James Blanding Holman, IV and Christopher Kaltman DeScherer, Southern Environmental Law Center, both of Charleston, and Gudrun E. Thompson, Southern Environmental Law Center, of Chapel Hill, North Carolina, for Appellants South Carolina Coastal Conservation League and Southern Alliance for Clean Energy.

Frank Rogers Ellerbe, III, Robinson McFadden & Moore, PC, of Columbia, and Timika Shafeek-Horton, Duke Energy Carolinas, LLC, of Charlotte, North Carolina, for Respondent Duke Energy Carolinas, LLC.

Shannon Bowyer Hudson, Nanette Solveig Edwards, Jeffrey M. Nelson, and Florence P. Belser, all of Columbia, for Respondent Office of Regulatory Staff.

Len Sullivan Anthony, of North Myrtle Beach, for Respondent North Carolina Electric Membership Corporation.

Jackquelyn Sue Dickman and Susan Annelle Lake, both of Columbia, for Respondent South Carolina Department of Health and Environmental Control.

Richard Lee Whitt, Austin & Rogers, PA, of Columbia, for Respondent Invenergy Therman Development, LLC.

_____

**PER CURIAM:**  The South Carolina Coastal Conservation League and the Southern Alliance for Clean Energy (the Alliance) appeal the Public Service Commission's decision to issue Duke Energy Carolinas, LLC and the North Carolina Electric Membership Corporation (NCEMC) a Certificate of Environmental Compatibility and Public Convenience and Necessity to build a 750 megawatt combined cycle natural gas-fired generating facility near Anderson.  The Coastal Conservation League and the Alliance argue the Commission erred in issuing the Certificate by (1) finding the proposed plant's environmental impact was justified and (2) not requiring Duke Energy and NCEMC to modify their application for the Certificate.  We affirm and find (1) the Commission considered and understood the Coastal Conservation League and the Alliance's proposed solar component, (2) substantial evidence supports the Commission's issuance of the Certificate, and (3) there is no legal basis for requiring the Commission to condition the Certificate on Duke Energy soliciting bids for the proposed solar plant.

"No person shall commence to construct a major utility facility without first having obtained a certificate[1] issued with respect to such facility by the Commission." S.C. Code Ann. § 58-33-110(1) (2015).  "An applicant for a certificate shall file an

_____

[1] "The term 'certificate' means a certificate of environmental compatibility and public convenience and necessity." S.C. Code Ann. § 58-33-20(8) (2015).

application with the commission, in such form as the commission may prescribe."
S.C. Code Ann. § 58-33-120(1) (2015).

> The Commission shall render a decision upon the record either granting or denying the application as filed, or granting it upon such terms, conditions or modifications of the construction, operation or maintenance of the major utility facility as the Commission may deem appropriate; such conditions shall be as determined by the applicable State agency having jurisdiction or authority under statutes, rules, regulations or standards promulgated thereunder, and the conditions shall become a part of the certificate. The Commission may not grant a certificate for the construction, operation, and maintenance of a major utility facility, either as proposed or as modified by the Commission, unless it shall find and determine:
>
> (a)   The basis of the need for the facility.
>
> (b)   The nature of the probable environmental impact.
>
> (c)   That the impact of the facility upon the environment is justified, considering the state of available technology and the nature and economics of various alternatives and other pertinent considerations.
>
> (d)   That the facilities will serve the interests of the system economy and reliability.
>
> (e)   That there is reasonable assurance that the proposed facility will conform to applicable State and local laws and regulations issued thereunder, including any allowable variance provisions therein, except that the Commission may refuse to apply any local law or local regulation if it finds that, as applied to the proposed facility, such law or regulation is unreasonably restrictive in view of the existing technology, or of factors of cost or

> economics or of the needs of consumers whether located inside or outside of the directly affected government subdivisions.

> (f)   That public convenience and necessity require the construction of the facility.

S.C. Code Ann. § 58-33-160(1) (2015). "[T]his Court employs a deferential standard of review when reviewing a decision of the Public Service Commission and will affirm that decision when substantial evidence supports it." *Friends of Earth v. Pub. Serv. Comm'n*, 387 S.C. 360, 366, 692 S.E.2d 910, 913 (2010).

First, we find the Commission considered and understood the Coastal Conservation League and the Alliance's solar proposal. The Commission made the findings required by South Carolina Code section 58-33-160. Specifically at issue in this appeal, the Commission made findings on "the nature of the probable environmental impact" of the proposed gas plant and determined the impact was "justified, considering the state of available technology and the nature and economics of various alternatives and other pertinent considerations." *See* § 58-33-160(1)(b)-(c).

The Commission found Duke Energy and NCEMC had appropriately evaluated the environmental impacts of the proposed plant, and the Commission described those impacts. Specifically, the Commission found the proposed plant (1) had "critical infrastructure such as available land, water supply, and transmission facilities . . . already in place," due to its location—adjacent to an existing power plant; (2) had archeological clearance; (3) would have "minimal effects on the visual resources and scenic quality" of the area; (4) would feature "state of the art environmental control technology for natural gas combined cycle generation;" and (5) would include a cooling tower to minimize "both the intake and discharge impacts to the Saluda River." The Commission also noted the Office of Regulatory Staff's witness testified the proposed plant would not result in any significant impacts to the environment and the Department of Health and Environmental Control, the Department of Natural Resources, and the Department of Parks, Recreation and Tourism were all parties to the case and did not appear.

Additionally, the Commission found the impact of the proposed plant was "justified, considering the state of available technology and the nature and economics of the various alternatives and other pertinent considerations." *See* § 58-33-160(1)(c). The Commission considered the solar proposal and found there

was no need for an additional 375 megawatt solar facility.[2]  The Commission found Duke Energy had "conducted a thorough review in determining" the proposed plant "is best to meet its future electricity generating needs," and "decline[d] to require [Duke Energy] to do further."[3]

Second, we find substantial evidence supports the Commission's issuance of the Certificate.  "[T]he [c]ourt may not substitute its judgment for the Commission's on questions about which there is room for a difference of intelligent opinion." *Friends of Earth*, 387 S.C. at 366, 692 S.E.2d at 913.  "[T]he Commission's findings are presumptively correct, [and] the party challenging a Commission order bears the burden of convincingly proving the decision is clearly erroneous, or arbitrary or capricious, or an abuse of discretion, in view of the substantial evidence on the whole record." *Id*.

The Commission made specific findings based on testimony regarding the nature of the environmental impact of the proposed plant and whether it was justified.  The Commission accurately described the solar proposal both in its order issuing the Certificate and its order denying the petition for rehearing.  Additionally, Duke Energy's application and its witnesses[4] described the proposed plant's projected impact on water quality, air quality, and cultural resources.  For these reasons, the Commission's finding that the proposed plant was justified, without the solar plant, was supported by the evidence.

Third, we find there is no legal basis for requiring the Commission to condition the Certificate on Duke Energy soliciting bids for the proposed solar plant.  Section

[2] The Coastal Conservation League and the Alliance argue the Commission misunderstood their solar proposal.  However, the Coastal Conservation League and the Alliance made this same argument in a petition for rehearing on the Commission's order issuing the Certificate.  The Commission denied the petition for rehearing and emphasized it understood the proposed solar plant was to be used to "offset gas generation when conditions exist for economic solar energy production."

[3] The Commission also encouraged Duke Energy to voluntarily consider solar generation.

[4] Interestingly, one of Duke Energy's witnesses testified the proposed solar plant would be the largest solar plant in the world and would require approximately 2,625 acres of land.

58-33-160 allows the Commission to grant an application for a certificate "upon such terms, conditions or modifications of the construction, operation or maintenance of the major utility facility as the Commission may deem appropriate." § 53-33-160(1). However, this section does not enable the Commission to grant an application but require more than a "modification" to the application. "Modification" is defined as a "small alteration, adjustment, or limitation." *Modification*, Webster's II New College Dictionary (Houghton Mifflin Co. ed., 1999). We hold requiring Duke Energy to build—or solicit bids for—the proposed solar plant would constitute more than a "modification" to its application. *See* 64 Am. Jur. 2d *Public Utilities* § 143 (2011) ("Public service commissions are administrative agencies whose power is derived from the legislature and whose functions are legislative functions."); *Sloan v. S.C. Bd. of Physical Therapy Exam'rs*, 370 S.C. 452, 468, 636 S.E.2d 598, 606 (2006) ("A statute as a whole must receive practical, reasonable, and fair interpretation consonant with the purpose, design, and policy of lawmakers.").

We hold the Commission considered and understood the Coastal Conservation League and the Alliance's solar proposal, substantial evidence supports the Commission's issuance of the Certificate, and there is no legal basis for requiring the Commission to condition the Certificate on Duke Energy soliciting bids for the proposed solar plant. Accordingly, the Commission's issuance of a Certificate to Duke Energy and NCEMC is **AFFIRMED.**

**FEW, C.J., and KONDUROS and LOCKEMY, JJ., concur.**